UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
ANTHONY PAPAPIETRO AND ROCCO
PAPAPIETRO

                Plaintiffs,

                    1:13 CV 2433-SLT RML

- v -

                    PROTECTIVE ORDER

POPULAR MORTGAGE SERVICING
COMPANY, LITTON LOAN SERVICING
COMPANY AND OCWEN LOAN SERVICING
COMPANY,

                Defendants.
----------------------------------------------------------------x

ROBERT M. LEVY, U.S.M.J.

The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately-tailored confidentiality order governing the pre-trial phase of this action, it is therefore hereby

ORDERED that any person subject to this Order -- including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order -- shall adhere to the following terms, upon pain of contempt:

1. Any person subject to this Order who receives from any other person any information of any kind provided in the course of discovery in this action ("Discovery Material") that is designated as "Confidential" ("Confidential Discovery Material") pursuant to the terms of

this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2. The person producing Discovery Material may designate it as Confidential Discovery Material only to the extent it comprises:

(a) financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports and sale margins);

(b) material relating to ownership or control of any non-public company;

(c) business plans, proprietary information, trade secrets, product development information, or marketing plans;

(d) any information of a personal or intimate nature regarding any individual; or

(e) any other category of information hereinafter given confidential status by the Court.

3. With respect to Confidential Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel shall designate such Confidential Discovery Material by stamping or otherwise clearly marking any Discovery Material as "Confidential" in a manner that will not interfere with legibility or audibility. With respect to deposition transcripts and exhibits, a producing person or that person's counsel may indicate on the record that a question calls for Confidential Discovery Material, in which case the transcript of the designated testimony shall be bound in a separate volume and labeled "Confidential Information Governed by Protective Order" by the reporter.

4. If at any time prior to the trial of this action, a producing person realizes that all or some portion[s] of Discovery Material which that person had previously produced without having designated such Discovery Material so as to be considered Confidential Discovery

Material pursuant to this Order, such Discovery Material may nonetheless be treated as Confidential Discovery Material under the terms of this Order upon written notice apprising all parties that the Discovery Material is confidential.

5. No person subject to this Order other than the producing person shall disclose any Confidential Discovery Material to any other person whomsoever, except to:

(a) the parties to this action;

(b) counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

(c) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(d) any witness who counsel for a party in good faith believes may be called to testify at trial or is deposed in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e) any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(f) stenographers engaged to transcribe depositions conducted in this action; and

(g) the Court and its support personnel.

6. Prior to disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 5(d) or 5(e) above, such person shall be provided by counsel with a copy of this Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that he/she has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement and produce it to opposing counsel either prior to

such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

7.   Any party who either objects to any designation of Confidential Discovery Material, or who, by contrast, requests further limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may, at any time prior to the trial of this action, serve upon counsel for the designating person a written notice stating with particularity the objectionable grounds or request. If agreement cannot be reached promptly, counsel for all affected persons will convene a joint telephone call with the Court to obtain a ruling. In the event the Court is unable to resolve such disagreement pursuant to a telephone conference, or a formal motion is required to be filed with the Court, the party seeking a designation that certain Discovery Material is Confidential Discovery Material shall submit such motion to the Court.

8.   All persons are hereby placed on notice that it is within the Court's discretion to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential Discovery Material. The Court shall also retain unfettered discretion whether or not to afford confidential treatment to any Confidential Discovery Material submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

9.   Each person who has access to Confidential Discovery Material shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

10.  If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture

of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

11. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within ten (10) business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

12. Within ten (10) business days after notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

13. The receiving party may move the Court for entry of an order compelling production of the Inadvertently Disclosed Information.

14. The disclosing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an _in camera_ review of the Inadvertently Disclosed Information.

15. This Order shall survive the termination of the litigation. Within 30 days after a final disposition of this action, all Confidential Discovery Material (including all copies thereof), shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed.

16. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

| | |
|---|---|
| LAW OFFICES OF MARTIN EISENBERG | LAW OFFICES OF IRINA KUSHEL |

By: ___/s/_____
Martin Eisenberg
100 Park Avenue Suite 1600
New York, New York 10017
(212) 351-5020 (Phone)

*Attorneys for Defendant Popular
Mortgage Servicing, Inc.*

Duane Morris LLP

By: __/s/_____
Brett L. Messinger
Stephanie Sgambati
One Riverfront Plaza
1037 Raymond Blvd. suite 1800
Newark, NJ 07102-5429
(973) 424-2000 (Phone)

*Attorneys for Defendants Ocwen Loan
Servicing, LLC and Litton Loan Servicing, LP*

By:
_/s/_____
Irina Kushel
299 Broadway Suite 1405
New York, New York, 10007
(347) 825-2369 (Phone)

-and-

FLOWERS, GUILLAUME & TURNER
626 RXR Plaza, 6th Floor
Uniondale, New York, 11556
(516) 522-2892 (Phone)

*Attorneys for Plaintiffs Anthony
Papapietro and Rocco Papapietro*

SO ORDERED.

/s/(RML)

_____
ROBERT M. LEVY, U.S.M.J.

Dated: New York, New York
February 24, 2014

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ANTHONY PAPAPIETRO AND ROCCO
PAPAPIETRO

                                    Plaintiffs,

-v-

                                                                       1:13 CV 2433-SLT RML

POPULAR MORTGAGE SERVICING                   Non-Disclosure Agreement
COMPANY, LITTON LOAN SERVICING
COMPANY AND OCWEN LOAN SERVICING
COMPANY,
:
                                  Defendants.      :
------------------------------------------------------------x

       I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of any Confidential Discovery Material.[1] I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all Confidential Discovery Material to the party or attorney from whom it was received. By acknowledging these obligations pursuant to the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Eastern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____                                  _____

---

[1] As defined in the Protective Order.